IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JEANETTE NEIL,                                    Case No. 3:10-cv-429-MA

                    Plaintiff,                          OPINION AND ORDER

        v.

COMMISSIONER SOCIAL SECURITY,

                    Defendant.

TIM WILBORN
P.O. Box 2768
Oregon City, OR 97045

        Attorney for Plaintiff

DWIGHT C. HOLTON
United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-290

JORDAN D. GODDARD
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075

        Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

In this proceeding, plaintiff seeks an award of fees and costs in the amount of $4,998.69 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). For the reasons that follow, plaintiff's application for fees is granted in part and denied in part.

## BACKGROUND

Plaintiff Jeannette Neil brought this action for review of a decision of the Commissioner of the Social Security Administration in which she was denied disability insurance benefits. On February 14, 2011, plaintiff filed an opening brief, contending that the ALJ committed several errors and that the ALJ's decision should be reversed and remanded for further consideration. On May 16, 2011, the parties entered into a stipulated agreement remanding this matter to the ALJ for reevaluation of plaintiff's credibility and the lay witness testimony, reconsideration of the "B" criteria at step three, as well as consideration of any other issues raised by plaintiff. (#21 & 22.)

As the prevailing party, plaintiff subsequently filed the current application (#24) for fees, costs and expenses under the EAJA. The Commissioner does not dispute that plaintiff is the prevailing party, that the application is timely, and does not contend that its position was substantially justified. However, the Commissioner seeks a modest reduction because the requested

fees unreasonably include time spent on clerical or administrative tasks, and include duplicative and inadequately explained billing events.

## DISCUSSION

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008); Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 434; Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). This court recognizes a range of 20 to 40 hours as "a reasonable amount of time to spend on a social security disability case that does not present particular difficulty." Harden v. Commissioner Soc. Sec. Admin., 497 F.Supp.2d 1214, 1215-16 (D. Or. 2007).

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Gates, 987 F.2d at 1397. "A fee applicant should maintain billing records in a manner that enables a reviewing court to easily identify the hours reasonably expended." Brandt v. Astrue, 2009 WL 1727472, *3 (D. Or. June 16, 2009). The party opposing the fee request has the

burden of rebuttal which requires the submission of evidence to challenge the accuracy and reasonableness of the hours charged. Id. at 1397-98. Where documentation is inadequate, the court may reduce the requested award. Hensley, 461 U.S. at 433-34.

Plaintiff seeks a total of $4,998.69 in attorney fees for 28.0 hours expended, broken down by year as follows: $175.06 per hour for 6.2 hours expended in 2010, and $179.51 per hour for 21.8 hours expended in 2011. The Commissioner does not object to the hourly rate, costs or expenses, and I note that the rates are within the statutory cap provided for under the EAJA.

## I. **Clerical Tasks**.

In this district, it is well settled that clerical work or secretarial tasks are not properly reimbursable as attorney's fees. Missouri v. Jenkins, 491 U.S. 274, 288 n.1 (1989)(clerical tasks are typically considered overhead expenses, and are not reimbursable; "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate"); Aranda v. Astrue, 2011 WL 2413996, *6 (D. Or. June 8, 2011)(finding clerical tasks such as filing are not compensable as EAJA attorney fees); Breyer v. Commissioner, Soc. Sec. Admin., 2011 WL 2222132, *2 (D. Or. June 6, 2011)(same); Costa v. Astrue, 2011 WL 221837, *2 n.1 (D. Or. Jan. 18, 2011)(same).

The Commissioner specifically challenges billing entries submitted by plaintiff's attorney Tim Wilborn for filing documents

on the CM/ECF system and mailing documents by certified mail, contending that these tasks are primarily clerical, and are not reimbursable. I agree.

Mr. Wilborn acknowledges that he billed for filing documents electronically via CM/ECF, but attempts to justify doing so by contending that "it would be downright foolhardy to give his ECF password to a secretarial person" and trust that the secretary would timely and correctly file the documents and attachments. (Reply, #29, p. 4.) Counsel's argument is unavailing.

First, counsel's lack of trust in his secretarial assistance does not address the compensability of clerical tasks. As it has been aptly observed:

> "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. ... Its dollar value is not enhanced just because a lawyer does it." Jenkins, 491 U.S. at 288 n.10 (quoting Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974)(clerical tasks are considered overhead expenses, and are not reimbursable)).

Counsel's decision to perform clerical work is left to his discretion; however, seeking reimbursement at the lawyer rate under the fee-shifting statute is inappropriate. Brandt, 2009 WL 1727472 at *4.

Second, I reject Mr. Wilborn's contention that electronic filing is "purely an attorney task" because counsel must ensure

that the correct documents are properly and timely filed. Counsel's argument fails to recognize that an attorney's supervisory duty is the same, regardless of whether the filing is completed electronically, by "snail mail," or in person. Simply because filing may now be completed electronically does not make this clerical task reimbursable attorney time.

Accordingly, the court will deduct the time spent for filing documents. In this case, the time spent filing the document was not separated from the time spent preparing the document. Therefore, I deduct .1 hours for filing in the following three billing entries:

| | | |
|---|---|---|
| 5/16/10 | Verify and file IFP Application | .2 |
| 12/13/10 | File motion for extension | .2 |
| 2/14/11 | Complete Work on Opening Brief, file via ECF | 2.0 |

These reductions result in a .2 hour reduction in 2010, and a .1 hour reduction in 2011.

A review of the billing entries also reveals that Mr. Wilborn has billed for drafting summonses and serving documents, tasks which are primarily clerical in nature. Aranda, 2011 WL 2413996 at *6; Brandt, 2009 WL 1727472 at *4.

In his reply, Mr. Wilborn provides additional detail concerning an entry dated June 11, 2010, which reads "Serve 3 government officers via CMRR," which the Commissioner contends is

6 - OPINION AND ORDER

a clerical task.  Mr. Wilborn asserts that this entry means he "gathered the required service documents (the summons, the complaint, and the scheduling order), prepared the appropriate number of copies, drafted a cover letter, and dispatched all of the above via certified mail return receipt requested to the appropriate service address of the three different government offices" to effectuate service.  (Reply, #29, p. 5.)

As Mr. Wilborn's additional description highlights, his gathering of documents and making copies clearly are clerical tasks, and are not reimbursable under the EAJA.  Additionally, Mr. Wilborn's belated description reveals that this time is somewhat duplicative of time billed on June 9, 2010 ("Draft summons and have them issued by court") and June 23, 2010 ("Gather service documents and allege service via ECF").  (Wilborn Dec. #25, Ex. 1.)

I am not persuaded by an out-of-district case cited by Mr. Wilborn where the plaintiff's counsel was reimbursed under the EAJA for time spent serving the defendant.  See Gomez v. Astrue, 2008 WL 3200668, *7 (S.D. Cal. Aug. 5, 2008).  This simply is not the practice in this district.  Aranda, 2011 WL 2413996 at *6; Brandt, 2009 WL 1727472 at *4; Institute for Wildlife Potection v. U.S. Fish & Wildlife Serv., 2008 WL 4866063, *10 (D. Or. Nov. 5, 2008)(deducting time spent for service of defendants).  Moreover, the court notes that in Aranda, a recent decision in which Mr. Wilborn also was seeking EAJA fees, Mr. Wilborn conceded that

preparing the summonses and serving the defendants were clerical tasks. <u>Aranda</u>, 2011 WL 2413996 at *6. This inconsistency does not reflect good billing judgment.

Based on the foregoing, I find that the following entries must be excluded:

| | | | |
|---|---|---|---|
| 6/09/10 | Draft Summons and have them issued by the court | | .2 |
| 6/11/10 | Serve 3 government officers via CMRR | | .5 |
| 6/23/10 | Gather service documents and allege service via ECF | | .3 |

These reductions result in a 1.0 hour reduction for time billed in 2010.

## II.   <u>Block Billing, Inadequately Explained Billing, and Duplicative Billing</u>.

A fee applicant should maintain billing records in a manner that enables a reviewing court, and opposing counsel, to easily identify the hours reasonably expended on a particular task. <u>Hensley</u>, 461 U.S. at 437. Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended. <u>See</u> <u>Role Models America, Inc. v. Brownlee</u>, 353 F.3d 962, 971 (D.C. Cir. 2004). The court may reduce the requested fee based on this lack of specificity. <u>Fischer v. SJF-P.D. Inc.</u>, 214 F.3d 1115, 1121 (9th Cir. 2000)(district courts may reduce hours where requests are poorly documented). <u>See</u> <u>Lee v. Commissioner</u>, 2009 WL 3003858, *1

(D. Or. Sept. 17, 2009)(reducing EAJA award by 10 percent to account for block billing); Gadberry v. Astrue, 2009 WL 2983086, *1-2 (D. Or. Sept. 15, 2009)(reducing EAJA fee request by 10 hours to account for block billing); Brandt, 2009 WL 1727472 at *4 (reducing EAJA block billed hours by 50 percent to account for poorly documented billing); Taylor v. Albina Community Bank, 2002 WL 31973738, *5 (D. Or. Oct. 2, 2002)(reducing attorney fees by half due to block billing and excessive hours). See also Message from the Court Regarding Attorney Fee Petitions, Dated Feb. 11, 2009, found at ord.uscourts.gov/court-policies (stating that fee petitions which contain inadequate detail or fail to separate time for individual tasks may be denied, at least in part).

The Commissioner objects to a an entry for .3 hours dated August 12, 2011, described as "Research" as being vague and inadequately explained. In his reply, Mr. Wilborn contends that "the context of the billing entry" should make the purpose of the entry clear. (Reply, #29, p. 6.) Mr. Wilborn also provides an additional explanation – that he conducted research to determine whether other courts have awarded EAJA fees for services similar to those he billed and to which the Commissioner objected.

Counsel's argument misses the mark. If Mr. Wilborn had adequately explained the entry in the first instance, the Commissioner may not have objected, perhaps obviating the need for the research. Additionally, given the lack of detail in Mr.

Wilborn's previous three time entries, there is little information
from which the court or opposing counsel could glean any contextual
meaning.  Therefore, I find counsel's belated explanation for the
August 12, 2011 entry unpersuasive.  The court will reduce .3 from
the time billed in 2011.

     The Commissioner also contends that the court must reduce Mr.
Wilborn's time because he and attorney Betsy Stephens duplicated
their efforts in reviewing the transcript and filing the opening
brief.  A review of the parties' submissions and the record reveal
that Mr. Wilborn employed Ms. Stephens to review the transcript and
prepare the opening brief.  The transcript was of average length,
and the opening brief contained five arguments, which were routine
issues and rested on clearly established law.  Attorney Stephens
billed 13.5 hours to complete her work, and Mr. Wilborn billed an
additional 4.0 hours to review the transcript and finalize the
opening brief, for a total of 17.5 hours.  I agree with Mr. Wilborn
that staffing this case in this manner did not result in
duplicative billing.

     However, a review of Ms. Stephens billing statements shows
that she has block billed some of her time, and it appears to be in
quarter hour increments.  For example, in a billing entry dated
January 7, 2011, for 1.5 hours Ms. Stephens provides "Outlining
Procedural History, Summarizing Hearing Testimony."  A review of
the procedural history in plaintiff's opening brief shows that it

consists of a single paragraph, with primarily boilerplate language which required Ms. Stephens to simply insert the correct information. Presumably, this task would have taken a few minutes, with the remaining time spent on summarizing the Hearing Testimony. Additionally, on January 5, 2011, Ms. Stephens billed 6.0 hours for reviewing plaintiff's file and outlining plaintiff's opening brief. But it is not clear how much time Ms. Stephens spent on each task because they have been bundled. Mr. Wilborn also block billed 2.0 hours of time on February 13, 2011, described as "Transcript review; begin finalizing draft of Opening Brief." I note too, that this district favors billing in .1 hour increments because the larger .25 increments inflates billing hours. Brandt, 2009 WL 1727472 at *5.

In Aranda, this court encountered a similar situation where Mr. Wilborn used another attorney to review the transcript and prepare the initial draft of the opening brief. See Aranda, 2011 WL 2413996 at *6. In Aranda, I also noted that the junior attorney block billed the time spent preparing the opening briefing. In that case, I declined to deduct time from the junior associate's billing because the overall amount of time was reasonable. Id. In so doing, I advised: "I caution counsel to provide additional detail and avoid block billing in any future fee petitions." Id.

The billing statements provided in this case, with their attendant lack of detail and block billing entries, display no

11 - OPINION AND ORDER

improvement over those submitted in <u>Aranda</u>.  While I applaud Mr. Wilborn's ability to find competent junior counsel to assist him in an efficient manner, it is the responsibility of Mr. Wilborn to ensure that both he and his junior counsel provide accurate billing statements with the necessary level of explanation and specificity so that this court can perform its required duty of assessing reasonableness.  See <u>Hensley</u>, 461 U.S. at 433-34.

Accordingly, I deduct 10 percent from the total time for preparing the opening brief to account for the block billing and Ms. Stephens' billing in quarter hour increments.  This results in a reduction of 1.7 hours for time billed in 2011.

I reject the Commissioner's contention that Mr. Wilborn should not be compensated for seeking an extension of time for workload management purposes.  A review of the file shows that Mr. Wilborn sought one extension of time to file the opening brief, briefing which resulted in a successful outcome for plaintiff.  Mr. Wilborn billed .2 for preparing and filing the extension of time.  As noted above, I have reduced this time entry by .1 because it inappropriately included the time for filing the extension.  I conclude that any additional reduction is unwarranted.

In summary, I find a total of 24.7 hours to be reasonable under the EAJA.  Therefore, plaintiff is entitled to an award of $4,411.65 (5.0 hours in 2010 X $175.06 = $875.30, 19.7 hours in 2011 X $179.51 = $3,536.35).

## <u>CONCLUSION</u>

For the reasons stated above, plaintiff's Application for Fees Pursuant to EAJA (#24), is GRANTED in part and DENIED in part. Plaintiff is awarded $4,411.65.  Consistent with <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521, 2527-28 (2010), this EAJA award is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

DATED this 20__ day of SEPTEMBER, 2011.

                                        /s/ Malcolm F. Marsh_____
                                        Malcolm F. Marsh
                                        United States District Judge